**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1876

RONALDO RIBEIRO-DOS SANTOS,

Petitioner,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Chief Judge,

Howard and Lipez, Circuit Judges.

Stephen A. Lagana and Lagana & Associates on brief for petitioner.

Kevin M. Laden, Civil Division, Department of Justice, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, Office of Immigration Litigation, and Linda S. Wernery, Senior Litigation Counsel, Civil Division, Department of Justice, Office of Immigration Litigation, on brief for respondent.

January 19, 2005

**Per Curiam**.  Ronaldo Ribeiro-Dos Santos ("Ribeiro"), a citizen of Brazil, entered the United States in April 2001 after two of his brothers were killed in Brazil.  In April 2002, the INS began removal proceedings against him, culminating in an order of removal by an immigration judge, thereafter affirmed by the Board of Immigration Appeals.  Ribeiro concedes removability but seeks review in this court of the denial of his requests for political asylum and withholding of removal.

Ribeiro stated in his asylum application he believed his brothers' murders were due to their support of a local political candidate, Capitao Erley, who won his office in 2000; Ribeiro claimed to have learned this from the gang members who were responsible for his brothers' murders, and who had also threatened him and his wife subsequent to his brothers' deaths.  At his hearing Ribeiro also introduced the death certificate of his brother-in-law, who had been killed not long before the hearing.

Ribeiro's removal hearing was held on October 29, 2002.  The immigration judge denied Ribeiro's applications for asylum and withholding of removal, finding his account of events not credible and implausible.  The decision pointed to certain inconsistencies in Ribeiro's story and, on the basis of inferences drawn by the immigration judge, suggested that criminal violence rather than political motives was the more likely explanation for the deaths of Ribeiro's brothers.

On Ribeiro's appeal, the Board upheld the denials of asylum and withholding on a different ground. Making no determination as to Ribeiro's credibility, the Board found that Ribeiro had failed to provide sufficient evidence supporting his claim that his brothers had been killed for political involvement or that he was himself threatened on this account. Accordingly, the Board held that Ribeiro had failed to establish a well-founded fear of persecution on an enumerated ground--here, political opinion. See 8 U.S.C. § 1101(a)(42)(A) (2000).

Because the Board has adopted its own ground for the denial, we review its decision directly. Compare Mukamusoni v. Ashcroft, 390 F.3d 110, 119 (1st Cir. 2004), with Disu v. Ashcroft, 338 F.3d 13, 17 (1st Cir. 2003). Our review on issues of law is de novo in accordance with ordinary principles of administrative law, but as to factual issues review is deferential and requires only that the Board's decision accord with substantial evidence. See Gailius v. INS, 147 F.3d 34, 43 (1st Cir. 1998). Here, where the Board found that Ribeiro had not carried his burden of proof, we ask whether a reasonable factfinder had to reach the opposite conclusion. Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004).

Ribeiro offered proof that his two brothers and brother-in-law had been killed in Brazil, but his claim that the killings were politically motivated was scarcely explained; the murders occurred after a local election in which Ribeiro supported a

candidate, but he provided no further evidence that the murders or any threats received by him or his wife had anything to do with a political motive.

Indeed, Ribeiro admitted that his brothers' murders could have been the result of a "robbery gone bad," and when asked--on two occasions over the course of his hearing--why he believed that the threats to his life were politically motivated, his only reply was that he and his brothers had done nothing else to merit such treatment. Although his application suggested that his harassers had professed a political motive, at the hearing Ribeiro made no mention of any political content when asked to recount the threats made against him.

"While an alien seeking asylum is not required to provide direct proof of his persecutors' motives, he must provide some evidence of such motives." Samayoa Cabrera v. Ashcroft, 367 F.3d 10, 14 (1st Cir. 2004). "The testimony of an applicant, if credible, may be sufficient to sustain the burden of proof without corroboration," 8 C.F.R. § 208.13(a) (2004), but in this instance the testimony would scarcely warrant--let alone compel--a factfinder to conclude that the murders were political or that Ribeiro had any reasonable basis to fear political persecution.

Because the Board was justified in denying Ribeiro's asylum claim, it was also justified in denying his request for withholding of removal, which requires the applicant to meet an

even higher standard of proof.  See Alvarez-Flores v. INS, 909 F.2d 1, 4 (1st Cir. 1990).

Affirmed.